UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| **THE STATE OF TEXAS,** § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> **U.S. DEPARTMENT OF HOMELAND** § <br> **SECURITY,** *et al.*, § <br> § <br> *Defendants*. § | Civil Action No. 2:23-CV-00055-AM |

### [Proposed] Order Granting Emergency Motion for Injunction Pending Appeal

Before the Court is Plaintiff's Emergency Motion for Injunction Pending Appeal (ECF No. 59). After considering the motion, any opposition, the record, and relevant authorities, the Court hereby GRANTS the motion.

This Court previously entered a temporary restraining order prohibiting Defendants from tampering with the Plaintiff's concertina wire absent the kind of private necessity that could justify a trespass at common law. ECF 9 at 4, 11; ECF 33 at 1. Later, this Court felt compelled to deny a preliminary injunction based on federal sovereign immunity. ECF 57. At this time, the Court does not revisit its conclusion that 5 U.S.C. § 702's waiver of immunity does not apply to Texas's common law claims. But it does recognize that an injunction pending appeal is appropriate here, Fed. R. App. Proc. 8 (a)(1)(C), given the Plaintiff's argument that this Court's holding on § 702 departs from three circuits and that the Fifth Circuit is "always chary to create a circuit split." *Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 245 (5th Cir. 2023).

Therefore, it is hereby ORDERED that:

1. For purposes of this Order, the word "property" refers to concertina wire that the Plaintiff installed at the United States-Mexico border in the vicinity of Eagle Pass, Texas.

2. Defendants and their respective officers, agents, servants, employees, attorneys, and other persons in active concert with them are hereby ENJOINED from: (1) removing the

    property from its present location; (2) concealing the property in any way; (3) offering the property for sale, rent, or use to any person, business or entity; (4) selling or otherwise transferring the property in whole or in part; (5) encumbering the property in any way; (6) scrapping the property; (7) disposing of the property in any way; (8) disassembling, degrading, tampering with, or transforming the property in any way; and (9) failing to take all steps necessary to protect the property against damage or loss of any kind.

3. Notwithstanding the prohibition above, Defendants and their respective officers, agents, servants, employees, attorneys, and other persons in active concert with them may move, disassemble, or tamper with the property if necessary to respond to an acute medical emergency that would likely result in serious bodily injury or death to a person, absent any boats or other life-saving apparatus available to address such medical emergencies prior to reaching the concertina wire barrier.

This injunction shall remain in effect pending a final resolution of Plaintiff's appeal before the United States Court of Appeals for the Fifth Circuit, or the United States Supreme Court.

    SIGNED on this the _____ day of December, 2023.

_____
HON. ALIA MOSES
Chief United States District Judge