THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| **STATE OF TEXAS**,<br><br>      *Plaintiff*,<br><br> **v.**<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*,<br><br>      *Defendants.* | Case No. 2:23-cv-00055-AM<br><br>Hon. Alia Moses |

### DEFENDANTS' MOTION TO STAY DISTRICT-COURT PROCEEDINGS PENDING APPEAL OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Defendants respectfully request that the Court stay proceedings in this case pending Texas's appeal of the Court's denial of a preliminary injunction. *See Texas v. U.S. Dep't of Homeland Sec.*, No. 23-50869 (5th Cir.). The Fifth Circuit's rulings on threshold issues could control the outcome of this case. At a minimum, the court of appeals' decision will be relevant to proceedings in this Court. A stay of proceedings will accordingly promote efficiency and conserve judicial and party resources.

In the alternative, Defendants respectfully request that the Court extend their deadline to respond to the complaint to 30 days after the Court resolves this motion. Defendants have conferred with Texas. The State opposes staying proceedings but does not oppose Defendants' extension request.

### BACKGROUND

On October 24, 2023, Texas filed this suit challenging Defendants' cutting or moving of the State's concertina wire near Eagle Pass, Texas. ECF No. 1. Texas asserts two state common-law claims, *see id.* ¶¶ 61-74, three Administrative Procedure Act claims, *see id.* ¶¶ 75-97, and one *ultra vires* claim, *see id.* ¶¶ 98-101. Texas served

1

Defendants on October 30, 2023, *see* ECF Nos. 13-17, and Defendants' response to the complaint is accordingly due December 29, 2023, *see* Fed. R. Civ. P. 12(a)(2).

Texas moved for a temporary restraining order (TRO), *see* ECF No. 5, and a preliminary injunction barring Defendants from cutting or moving the concertina wire, *see* ECF No. 3-1. On October 30, 2023, the Court granted a TRO *ex parte*, ECF No. 9, and on November 29, 2023, denied Texas's motion for a preliminary injunction, ECF No. 57, following evidentiary hearings and production of documents to the Court for *ex parte* and *in camera* review. *See*, *e.g.*, ECF Nos. 32, 34, 43, 44, 52, 53. The Court held that it lacked jurisdiction over Texas's state-law claims because Congress has not expressly waived sovereign immunity for such claims. ECF No. 57 at 19-20. Additionally, the Court held that Texas had failed to present evidence showing the existence of final agency action, *see id.* at 33, or that the State is likely to succeed on its *ultra vires* claim, *id.* at 33-34.

Texas appealed, ECF No. 58, and on December 19, 2023, the Fifth Circuit granted an injunction pending appeal, *see* Published Order, ECF No. 49-2, *Texas v. U.S. Dep't of Homeland Sec.*, No. 23-50869 (5th Cir.). The motions panel concluded that 5 U.S.C. § 702 does waive sovereign immunity for Texas's state tort-law claims and that the State had demonstrated a likelihood of success on the merits. *See id.* at 12, 14.

## ARGUMENT

District-court proceedings in this case should be stayed pending resolution of appellate proceedings concerning this Court's denial of a preliminary injunction. Such a stay will not prejudice Texas; it will conserve judicial and party resources; and it will likely simplify the issues presented and narrow the scope of further proceedings in this Court. Alternatively, Defendants' deadline for responding to the complaint should be extended to 30 days after the Court resolves this motion.

### I. District-Court Proceedings Should Be Stayed Pending Appeal

"The federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v.*

*Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). Consistent with this "power to control its own docket," a district court "has broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 707 (1997); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (court may stay proceedings in the interest of "economy of time and effort for itself, for counsel, and for litigants"). "When deciding whether to stay a case pending a higher court's decision," the Court considers three factors: (1) "whether a stay will simplify the issues in question and trial of the case"; (2) "whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party"; and (3) "whether discovery is complete and whether a trial date has been set." *NetChoice, LLC v. Paxton*, 2021 WL 7081434, at *1 (W.D. Tex. Dec. 9, 2021) (quoting *Bilberry v. JPMorgan Chase Bank, N.A.*, 2021 WL 536440, at *2 (W.D. Tex. Jan. 13, 2021); *Dwyer v. USAA Savings Bank*, 2017 WL 7805760, at *1 (W.D. Tex. 2017)). "A stay is generally appropriate if the motion for a stay is made early in the proceedings and … is unlikely to prejudice the plaintiff." *Dwyer*, 2017 WL 7805760, at *1.

Based on these factors, a stay is appropriate here. *First*, staying proceedings will conserve judicial and party resources while the appellate process provides greater clarity on the legal issues raised in this case. For example, in denying Texas's motion for a preliminary injunction, this Court held that Texas's state-law tort claims were barred by sovereign immunity. *See* ECF No. 57 at 19-20. The Fifth Circuit motions panel disagreed with that holding. 5th Cir. ECF No. 49-2 at 10. Accordingly, until that jurisdictional issue is resolved by the merits panel, any further briefing or other activity concerning those claims may unnecessarily consume resources and time.

Further, the Court and the parties will benefit from the Fifth Circuit's reasoning regarding Texas's APA and *ultra vires* claims. This Court determined that Texas was not likely to succeed on these claims based on threshold legal issues. ECF No. 57 at 33-34. The Fifth Circuit's decision on those legal questions will guide the Court and the parties in any future proceedings on those claims. For that reason, courts in this circuit and across the country routinely stay district-court proceedings pending courts of appeals' review

of controlling legal questions. *See, e.g., NetChoice*, 2021 WL 7081434, at *1 (stay would "simplify the issues in question … given that the entirety of Plaintiffs' challenge to [the law] is now before the Fifth Circuit"); *Minn. Voters All. v. Walz*, 494 F. Supp. 3d 610, 611 (D. Minn. 2020) (staying proceedings where "the appeal is likely to resolve some of the legal issues in dispute"); *Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings because "[e]ven if defendants do not prevail on appeal, resolution of this issue by the Tenth Circuit could clarify the appropriate parameters for future discovery and motion practice in this case, thereby streamlining the course of this litigation"); *Bray v. QFA Royalties, LLC*, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007) (staying proceedings because the court of appeals' "determination of the legal issues inherent in my preliminary injunction decision will edify further proceedings on [the] Plaintiffs' claims for permanent injunctive relief"); *see also* Order, *Louisiana v. CDC*, 22-cv-885, ECF No. 158 (W.D. La. Oct. 4, 2022) (granting stay of proceedings pending appeal of denial of preliminary injunction in APA case); Mem. Order at 5-6, *Chambless Enter. LLC v. Redfield*, No. 20-cv-1455, ECF No. 52 (W.D. La. Apr. 19, 2021) (same). That is particularly appropriate here where the scope of final agency action dictates the scope of any administrative record. *See* 5 U.S.C. § 706(2)(A)-(F); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review [under the APA] should be the administrative record already in existence, not some new record made initially in the reviewing court").

*Second*, Texas will not be unduly prejudiced by a stay of district-court proceedings while it pursues its appeal of the denial of a preliminary injunction. The Fifth Circuit has granted an injunction pending appeal that aligns with the ultimate relief that Texas seeks. *See supra*. Texas has opposed expedited briefing in the court of appeals. *See* 5th Cir. ECF No. 53 at 1. If the Fifth Circuit's injunction expires or is vacated, Defendants will promptly notify the Court, and the Court could then consider whether to modify the stay of proceedings as it deems appropriate.

*Third*, to the extent the final factor is applicable at all, staying proceedings "will not impact discovery or a trial date since traditional fact discovery has not yet begun and no trial date has been set." *NetChoice*, 2021 WL 7081434, at *1.

Therefore, in the interest of efficiency and to conserve judicial and party resources, Defendants respectfully request that the Court stay this case pending resolution of appellate proceedings, without prejudice to either party moving to lift the stay at any time. Defendants further propose that the parties file a joint status report concerning further proceedings within 14 days of the Fifth Circuit issuing its mandate in this case.

## II. In The Alternative, Defendants' Deadline To Respond To The Complaint Should Be Extended

If the Court is not inclined to stay proceedings pending appeal, Defendants respectfully request in the alternative that the Court grant their unopposed motion to extend their deadline to respond to the complaint to 30 days after the Court resolves this motion. Defendants' response to the complaint is currently due on December 29, 2023, Fed. R. Civ. P. 12(a)(2), and Texas does not oppose such an extension. Given counsel's other active litigation matters and pre-scheduled leave, the additional time would allow for a more considered response to the complaint.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay proceedings pending resolution of Texas's appeal of the denial of a preliminary injunction. If the Court is not inclined to stay proceedings pending appeal, Defendants respectfully request that their deadline to respond to the complaint be extended to 30 days after the Court resolves this motion.

| | |
|---|---|
| Dated: December 21, 2023 | Respectfully submitted, |//

Dated: December 21, 2023                Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAIME ESPARZA
United States Attorney

JEAN LIN
Special Litigation Counsel

*/s/ Christopher A. Eiswerth*
Christopher A. Eiswerth (D.C. Bar 1029490)
Stephen Ehrlich (NY Bar No. 5264171)
Faith E. Lowry (TX Bar No. 24099560)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 305-0568 / Fax: (202) 616-8460
christopher.a.eiswerth@usdoj.gov

Robert D. Green (TX Bar No. 24087626)
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7362 / Fax: (210) 384-7312
robert.green3@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and accurate copy of the foregoing document to be filed electronically (via CM/ECF) on December 21, 2023, which automatically serves all counsel of record who are registered to receive notices in this case.

                                      */s/ Christopher A. Eiswerth*
                                      Christopher A. Eiswerth

## CERTIFICATE OF CONFERENCE

      I hereby certify that I conferred via email with counsel for Texas, Ryan D. Walters of the Attorney General's Office, regarding the relief requested in this motion. Counsel for Texas stated that they oppose the motion to stay proceedings but are unopposed to extending Defendants' deadline to respond to the complaint.

                                      */s/ Christopher A. Eiswerth*
                                      Christopher A. Eiswerth