UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:23-CV-00055-AM |
| v. | § § | |
| **U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*, | § § § | |
| *Defendants.* | § | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Texas writes to notify the Court of the recent decision in *Daily Wire, et al. v. Dep't of State, et al.*, No. 6:23-cv-609-JDK, 2024 WL 2022294 (E.D. Tex. May 7, 2024), a recent decision concerning factual attacks on jurisdiction. In that case, the State of Texas, along with Daily Wire and FDRLST Media, sued the State Department, the Global Engagement Center, and various officials for censoring the speech of American media companies. *Id.* at *1.

Although Defendants advanced a factual attack on jurisdiction, the *Daily Wire* decision refused to dismiss the case because Plaintiffs had alleged facts sufficient to establish standing. *Id.* Specifically, the Court noted that:

> In a factual attack, the defendant "submits affidavits, testimony, or other evidentiary materials" to challenge the truth of the jurisdictional allegations. *Superior MRI Servs.*, 778 F.3d at 504. "To defeat a factual attack, a plaintiff must prove the existence of subject-matter jurisdiction by a preponderance of the evidence" and is "obliged to submit facts through some evidentiary method to sustain his burden of proof." *Id.* (quotations omitted). If, however, the defendant's jurisdictional attack is "intertwined with the merits of a claim," then the court should defer ruling on the motion until summary judgment or trial. *Pickett v. Tex. Tech Univ. Health Sciences Ctr.*, 37 F.4th 1013, 1029 (5th Cir. 2022) ("If ... a decision on the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court or by the fact finder at trial.") (quoting Wright & Miller, 5B FED. PRAC. & PROC. JURIS. § 1350 (3d ed. 2004)).

*Id.* at *5.

Similar to Texas's argument in the current case, the *Daily Wire* court observed the importance of evaluating whether the purported factual attack is, in actuality, a merits attack whose adjudication should be deferred until summary judgment or trial. Further, the Court observed that:

> A district court may grant a Rule 12(b)(1) motion for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Pickett*, 37 F.4th at 1029 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Regarding the third basis, a court may not resolve disputed facts on a Rule 12(b)(1) motion "where issues of fact are central both to subject matter jurisdiction and the claim on the merits." *Id.* at 1030 (quoting *Montez v. Dep't of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004)); *see also Montez*, 392 F.3d at 150 ("[R]esolution of the jurisdictional issue on a 12(b)(1) motion is improper" where the jurisdictional attack "is intertwined with the merits of a claim.").

*Id.* at *9.

In *Daily Wire,* the Court found that "the dispute at issue . . . *is* the merits question." *Id.* In that instance, the "Court thus determines at this stage only whether Plaintiffs stated a claim 'by accepting [their] well-pleaded allegations as true and considering them in the light most favorable to [Plaintiffs]." *Id.* (quoting *Pickett*, 37 F.4th at 1031). Indeed, where "the facts disputed by Defendants in their motion are the very facts underlying . . . Plaintiffs' merits claims," the court cannot resolve those disputed facts on a Rule 12(b)(1) motion. *See id.* at *12. The Defendants can, of course, reassert their factual attack at summary judgment or at trial.

Because Defendants' factual attacks on standing here are similarly intertwined with the merits,[1] this Court should likewise deny the factual attack on jurisdiction and take Texas's allegations as true in resolving the motion to dismiss.

---

[1] Texas's arguments against the factual attack on jurisdiction are aptly summarized in the Response to Defendants' Motion to Dismiss, ECF 104 at 1-3.

Dated: May 30, 2024.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN D. WALTERS**
Chief, Special Litigation Division
Texas Bar No. 24105085

**RYAN G. KERCHER**
Deputy Chief, Special Litigation Division
Texas Bar No. 24060998

**DAVID BRYANT**
Special Counsel
Texas Bar No. 03281500


**ROBERT HENNEKE**
Texas Bar No. 24046058
Texas Public Policy Foundation
901 Congress Ave.
Austin, Texas 78701
(512) 472-2700
rhenneke@texaspolicy.com

Respectfully submitted.

/s/ *Susanna Dokupil*
**SUSANNA DOKUPIL**
Special Counsel
Texas Bar No. 24034419

**AMY S. HILTON**
Special Counsel
Texas Bar No. 24097834

**MUNERA AL-FUHAID**
Special Counsel
Texas Bar No. 24094501

**JACOB E. PRZADA**
Special Counsel
Texas Bar No. 24125371

**OFFICE OF THE ATTORNEY GENERAL**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1706
Ryan.Walters@oag.texas.gov
Ryan.kercher@oag.texas.gov
Susanna.dokupil@oag.texas.gov
Amy.Hilton@oag.texas.gov
David.bryant@oag.texas.gov
Munera.Al-Fuhaid@oag.texas.gov
Jacob.przada@oag.texas.gov

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on May 30, 2024, which automatically serves all counsel of record who are registered to receive notices in this case.

/s/ *Susanna Dokupil*
**SUSANNA DOKUPIL**