**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** <br><br> ***Plaintiff,*** <br><br> **v.** <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,** <br><br> ***Defendants.*** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CIVIL ACTION NO. 2:23-CV-00055** |

**PLAINTIFF'S BRIEF ON**
**RETENTION OF JURISDICTION**

Pursuant to the direction of the Court at the Status Conference in this case on July 14, 2026, Plaintiff State of Texas submits its Brief on Retention of Jurisdiction as follows:

1. In federal court actions like this one, parties contemplating possible settlement face a problem. The parties typically would like any settlement agreement they reach to be readily enforceable in the event of a breach or dispute. Often, the most knowledgeable and convenient court to remedy any breach or resolve any dispute about the settlement agreement is the federal court that presided over the action to be settled.

2. But federal courts are courts of limited jurisdiction. And enforcement of settlements agreements – which are common law contracts – often is not within federal jurisdiction (unless the parties are diverse and 28 U. S. C. § 1332 provides federal diversity jurisdiction). This was the problem the United States Supreme Court confronted in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U. S. 375, 114 S. Ct. 1673 (1994).

3. *Kokkonen* arose from a case in the Eastern District of California. The parties reached a settlement agreement during trial and recited the substance of the settlement on the record. The parties then executed, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) a Stipulation and

Order of Dismissal With Prejudice. The District Judge signed the Stipulation and Order of Dismissal With Prejudice with the notation, "It is so ordered".

4. A dispute thereafter arose and Guardian Life moved in the District Court to enforce the settlement agreement. Kokkonen objected that the District Court had no subject matter jurisdiction to consider the motion. The District Court entered an enforcement order, asserting the "inherent power" to do so. The Ninth Circuit Court of Appeals affirmed, stating that the District Court had "inherent supervisory power" to enforce the settlement agreement.

5. Justice Scalia for a unanimous Supreme Court held to the contrary. The Court found no basis in the case for federal subject matter jurisdiction to enforce the settlement agreement, including the doctrine of ancillary jurisdiction. But the Court did provide a way forward for future settling parties and federal district courts:

> If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action "shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper," the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower the district court to attach conditions in the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement agreement) if the parties agree. Absent such action, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

511 U. S. at 398.

6. *Kokkonen* was applied by the Fifth Circuit Court of Appeals in *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424 (5th Cir. 2002). In that case, operators of Texas nursing homes

("Nursing Homes") settled a case against officials of the Texas Health and Human Services Commission and the Texas Department of Human Services (collectively "Texas Officials"). The Texas Officials filed an agreed motion to dismiss the case that (1) expressly incorporated by reference the parties' settlement agreement and (2) attached a copy of that settlement agreement as an Exhibit to the motion to dismiss. The District Court entered an Order dismissing the case without prejudice. The Order referred to the parties' Agreed Motion to Dismiss, but did not refer to the settlement agreement or include any provision retaining jurisdiction to enforce the settlement agreement.

7. Four years later, the Nursing Homes sued to enforce the settlement agreement. The Texas Officials moved to dismiss and asserted Eleventh Amendment immunity, but the District Court denied that motion. The Texas Officials appealed. The Fifth Circuit vacated the order denying the Texas Officials' motion to dismiss, and remanded with instructions to dismiss the action to enforce the settlement agreement.

8. The Fifth Circuit interpreted *Kokkonen* to require that a dismissal order expressly indicate the district court's intention to make the terms of a settlement agreement a part of its dismissal order. 298 F.3d at 433-34. The Court stated that the district court's reference to the agreed motion to dismiss did not indicate

> any intention on the part of the district court to incorporate the Agreement into its order or to retain jurisdiction to enforce the Agreement. Under *Kokkonen*, such a statement is insufficient to make enforcement of the Agreement equivalent to enforcement of the district court's order.

*Id.*

The Fifth Circuit ruled last year in another case in which parties inadvertently failed to meet the requirements of *Kokkonen* for an enforceable settlement agreement. In *Whittier v. Ocwen Loan Servicing, L. L. C.,* 126 F.4th 724 (5th Cir. 2025), the settling parties filed an unconditional Rule 41(a)(1)(A)(ii) stipulation of dismissal that provided: "The Court shall retain jurisdiction for the purpose of enforcing or interpreting the terms of the separate settlement agreement entered

into between the parties." But the District Court's Order of Dismissal With Prejudice did not expressly retain jurisdiction over the parties' settlement agreement or incorporate the settlement agreement's terms.

Several months later, Whittier filed a motion to enforce the settlement agreement in the same court. Defendants resisted the motion and argued there was no ancillary jurisdiction to enforce the settlement agreement. The district court enforced the settlement agreement and entered an injunction against foreclosure pending further order of the court.

Defendants later moved to re-open the case and dissolve the injunction. The district court found that the court had lacked ancillary jurisdiction when it issued the injunction against foreclosure, dissolved the injunction, and dismissed the action with prejudice, expressly declining jurisdiction over the parties' settlement agreement. Whittier appealed.

The Fifth Circuit affirmed. The Court held that the Rule 41(a)(1)(A)(ii) stipulation of dismissal was "effective immediately" and rendered subsequent actions of the district court "of no force or effect," The Court further stated:

> If a district court is to retain jurisdiction to enforce the terms of a settlement agreement effectuated by a Rule 41(a)(1)(A)(ii) stipulation of dismissal, then one of two things must happen: either (1) an order expressly retaining jurisdiction over, or expressly incorporating the terms of, the settlement agreement must enter ahead of the stipulation; or (2) the stipulation's efficacy must be made contingent upon the district court issuing such an order.

128 F.4th at 727. *See also SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010) (neither stipulation of dismissal nor order of dismissal included express "retention of jurisdiction" language).

District Courts in the Fifth Circuit have both successfully retained jurisdiction to enforce settlement agreements in cases before them and failed to successfully retain such jurisdiction. As described in *Chavez v. Lencho Oilfield Servs.*, 2025 U. S. Dist. LEXIS 212836, 2025 WL 3015800 (W. D. La. 2025), the following cases are examples of successful retention of jurisdiction to enforce

a settlement agreement: *Hotard v. Aegis Sec. Ins. Co.*, 2025 U. S. Dist. LEXIS 3481, 2025 WL 50034 (E. D. La. 2025); *Cook v. Costco Wholesale Corp.,* 2025 WL 2181793 at *3 (N. D. Tex. 2025); *Express Corp. v. Robrad*, 2016 U. S. Dist. LEXIS 86699, 2016 WL 3660670 (N. D. Tex. 2016). *See also Hill v. Schilling*, 2018 U. S. Dist. LEXIS 206799, 2018 WL 6436397 (N. D. Tex. 2018) (district court order successfully retained jurisdiction to enforce settlement agreement); *Mitchell v. Sec. Am., Inc.*, 2014 U. S. Dist. LEXIS 200746, 2014 WL 12833923 (N. D. Tex. 2014) (same).

But the *Chavez* Court found it lacked subject matter jurisdiction to enforce the settlement agreement in that case. The parties in their settlement agreement had agreed that the Court would retain jurisdiction to enforce the settlement agreement *Id.* at *10. But no similar language was included in the stipulation of dismissal or the order of dismissal. The Chavez Court concluded:

> Neither the stipulation nor the order meet any of the exceptions to *Kokkonen*.

*Id.* at *9. *See also Huong Thi Lan Nguyen v. Charles*, 2026 U. S. Dist. LEXIS 167933. 2026 WL 2165555261 (W. D. La. July 7, 2026) (no subject matter jurisdiction to enforce settlement agreement because dismissal order did not provide for retention of jurisdiction); *Logan v. Carrington Mortg. Servs., LLC*, 2022 U. S. Dist. LEXIS 83162, 2022 WL 1460347 (S. D. Tex. 2022) (same); *Owens v. K&M Mach. Works, LLC*, 2015 U. S. Dist. LEXIS 47828, 2015 WL 1730009 (S. D. Tex. 2015) (same).

In the event of a settlement of this case, and in accordance with a request of the settling parties, this Court can (if it chooses to do so) effectively retain jurisdiction to enforce the parties' settlement agreement by any of the methods discussed in *Kokkonen* and the cases that have interpreted it, including *Whittier*. As an example, the parties could move to dismiss the action and request that the court retain jurisdiction to enforce the settlement agreement. The order dismissing the case should expressly retain jurisdiction for the court to enforce the settlement agreement. The settlement agreement itself should be attached as an exhibit to the order of dismissal.

Dated: August 13, 2026.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

*/s/ David Bryant*
**DAVID BRYANT**
Senior Special Counsel
Texas Bar No. 03281500

**STEVEN B. LOOMIS**
Special Counsel
Texas Bar No. 00793177

**OFFICE OF THE ATTORNEY GENERAL**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1706
david.bryant@oag.texas.gov
steven.loomis@oag.texas.gov

**COUNSEL FOR PLAINTIFF STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on August 13, 2026, which automatically serves all counsel of record who are registered to receive notices in this case

*/s/David Bryant*
DAVID BRYANT