FILED
OCT 14 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** **Plaintiff,** | § | |
| v. | § | **Civil Action No. DR-23-CV-0055-AM** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY,** ***et al.*****,** **Defendants.** | § | |

**ORDER**

Before the Court is the Plaintiff's Opposed Motion to Strike Unauthorized Appearance and Filing ("Motion to Strike"). (ECF No. 170.) After a failed mediation, the parties appeared in front of this Court at a docket call held on July 14, 2026. The Court ordered this case to proceed forward by setting deadlines for relevant discovery and briefing. (ECF No. 161.) Governor Abbott then filed a brief on behalf of the state of Texas explaining why absent the Governor's approval of any resulting settlement agreement between the United States and Texas would be unauthorized and unenforceable. (ECF No. 169.) The Plaintiffs, represented by the Attorney General of the state of Texas, then filed a Motion to Strike contending that the Governor has no independent statutory or constitutional authority to represent Texas in this case. (ECF No. 170.)

The Court then held docket call on October 13, 2026. (ECF No. 179.) At that hearing, the Court construed Governor Abbott's briefing as a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 24. The Plaintiffs also urged this Court to do so. (ECF No. 177 at 2–3) ("This Court should strike his appearance and filing or, in the alternative, construe the General Counsel as appearing on behalf of the Governor as an amicus curiae or intervenor.") They argued that this Court should construe the intervention for a narrow purpose of permitting the Governor to sign the settlement agreement as a party. (*Id.* at 10.)

Courts liberally construe the criteria for intervention under Rule 24. *See Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) ("Federal courts should allow intervention where no one would be hurt and greater justice could be obtained.") (internal quotations omitted). A trial court, too, has full discretion to grant or deny an application for permissive intervention under Rule 24(b). *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (permissive intervention is "wholly discretionary[.]") The Court asked all parties at docket call if they opposed the Governor's intervention in this suit. No one opposed it. The Court then orally granted the motion to intervene.

Accordingly, the Plaintiff's Motion to Strike [ECF No. 170] is **DENIED AS MOOT**. It is hereby **ORDERED** that Governor Abbott is hereby added as a plaintiff-intervenor, and a party, in this matter.

SIGNED and ENTERED on this 14th day of October 2026.

ALIA MOSES
Chief United States District Judge