**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | |
|---|---|
| STATE OF TEXAS,<br><br>*Plaintiff*,<br><br>GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS,<br><br>*Plaintiff-Intervenor,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00055-AM |

**JOINT MOTION TO DISMISS AND**
**CONTINGENT STIPULATION OF PARTIES**

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, all parties enter into and file this contingent stipulation and move this Court to dismiss this action with prejudice in accordance with the Settlement Agreement executed by all parties to this action with an effective date of November 19, 2026. A true and correct copy of that fully executed Settlement Agreement is attached hereto as **Exhibit 1**. All parties stipulate to dismissal of this action contingent upon entry by the Court of an order of dismissal as set forth herein.

All parties hereby respectfully request that the Court enter an order of dismissal of this action, and that the Court in dismissing this action include in its order provisions pursuant to which the Court will retain jurisdiction to enforce the terms of the Settlement Agreement. Specifically, the parties ask that the Court's order of dismissal:

(a) incorporate a true and correct copy of the Settlement Agreement among all parties as an exhibit; and

(b) include a provision pursuant to which this Court expressly retains jurisdiction of any proceedings to enforce the Settlement Agreement.

A proposed form Order of Dismissal is attached as **Exhibit 2** for the Court's consideration.

Such provisions are essential to ensure that the Settlement Agreement is enforceable in this Court if enforcement proceedings become necessary in the future. Indeed, the effectiveness of the parties' Settlement Agreement and of this Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) are expressly contingent on the Court's inclusion of language in its Order of Dismissal expressly retaining jurisdiction over any future proceedings to enforce the Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U. S. 375, 381 (1994); *Jules v. Andre Balazs Properties*, 608 U.S. 200, 211 & n.2 (2026).

Dated: November 25, 2026.

Respectfully submitted.

**JONATHAN D. GUYNN**
Acting Assistant Attorney General
Civil Division

*/s/ Stephen R. Terrell*
**STEPHEN R. TERRELL**
Attorney
Cal. Bar No. 210004
P.O. Box 888
Washington, DC 20044
(202) 353-1651 (phone)
Stephen.Terrell2@usdoj.gov

***Counsel for Defendants***

*/s/ Trevor W. Ezell*
**TREVOR W. EZELL**
General Counsel
Texas Bar No. 24109849
Trevor.Ezell@gov.texas.gov
Office of the Governor
P.O. Box 12428
Austin, Texas 78711

***Counsel for Intervenor-Plaintiff Greg Abbott, in his official capacity as Governor of the State of Texas***

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**ROB FARQUHARSON**
Deputy Attorney General for Legal Strategy

**WILLIAM D. WASSDORF**
Associate Deputy Attorney General for Civil Litigation
Texas Bar No. 24103022

*/s/ David Bryant*
**DAVID BRYANT**
Senior Special Counsel
Texas Bar No. 03281500

**STEVEN B. LOOMIS**
Special Counsel
Texas Bar No. 24060998

**OFFICE OF THE ATTORNEY GENERAL**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1706
will.wassdorf@oag.texas.gov
david.bryant@oag.texas.gov
steven.loomis@oag.texas.gov

**ROBERT HENNEKE**
Texas Bar No. 24046058
Texas Public Policy Foundation
901 Congress Ave.
Austin, Texas 78701
(512) 472-2700
rhenneke@texaspolicy.com

***Counsel for Plaintiff State of Texas***

# EXHIBIT 1:
# Settlement Agreement

Settlement Agreement in the matter of *The State of Texas, et al. v. U.S. Department of Homeland Security, et al.*, 2:23-CV-00055-AM (W.D. Tex.)

## SETTLEMENT AGREEMENT

The Parties, Plaintiffs State of Texas and Greg Abbott, in his official capacity as Governor of Texas (collectively "Texas" or "Plaintiffs"), and Defendants U.S. Department of Homeland Security ("DHS"); Markwayne Mullin, in his official capacity as Secretary of the U.S. Department of Homeland Security; U.S. Customs and Border Protection; Rodney S. Scott, in his official capacity as Commissioner of U.S. Customs and Border Protection; U.S. Border Patrol; Rosario "Pete" Vasquez, in his official capacity as Chief of the U.S. Border Patrol; and Anthony "Scott" Good, in his official capacity as the Chief Patrol Agent, Del Rio Sector, U.S. Border Patrol (collectively "United States" or "Defendants"), hereby agree to settle and compromise the civil action captioned *The State of Texas, et al. v. U.S. Department of Homeland Security, et al.*, 2:23-CV-00055-AM (W.D. Tex.) (the "Civil Action") under the terms and agreement set forth in this Settlement Agreement (the "Agreement"). Under Federal Rule of Civil Procedure 25(d) and the terms of this Settlement Agreement, all successors to the named Defendants and Plaintiffs in their official capacity are legally bound as if they were named in the Agreement and were parties hereto.

I. <u>Effective Date of Agreement</u>:

This Agreement becomes effective from the latest date on which this Agreement has been signed by any of the Parties and/or counsel for the Parties acting on their behalf.

II. <u>Term of Agreement</u>:

This Agreement shall remain in effect for a period of thirty (30) years from and after the Effective Date.

III. <u>Geographic Scope of Agreement</u>:

This Agreement shall apply only to the geographic area that is both within 25 miles of the border between the United States and Mexico and within the U.S. Border Patrol's Del Rio Sector as defined on the effective date of this Agreement. A map of the U.S. Border Patrol's Del Rio Sector is attached as Exhibit A.

IV. <u>**Defendants' Obligations under the Agreement**</u>:

A. Defendants agree that each of them, their subcomponents, and all of their employees, agents, contractors, subcontractors, and all those in active concert and participation with them will not willfully cut, damage, destroy, remove, or otherwise interfere with any concertina wire owned or placed by the State of Texas (including but not limited to the Texas Department of Public Safety, the Texas Military Department, and the Texas National Guard when not federalized under Title 10 of the U.S. Code) on land that is not owned by the United States within the Geographic Scope of this Agreement ("Restricted Acts"), except under the following circumstances:

1. When and to the extent objectively necessary to administer emergency aid to persons presently suffering serious bodily injury or imminent death absent such emergency aid;
2. When and to the extent objectively necessary to apprehend and process an alien under federal immigration law;
3. When and to the extent objectively necessary to respond to active emergencies consisting of serious and immediate threats to the safety of law enforcement officers or to the public safety of American citizens; or
4. When and to the extent objectively necessary to permit emergency access by DHS to maintain and repair DHS infrastructure for border defense or law enforcement

purposes, such as, for example, when and to the extent severe weather, flooding, or third-party damage to such DHS infrastructure makes emergency maintenance or repair necessary.

B. Defendants shall notify Texas's designated Point of Contact in writing by U.S. mail or by email or other electronic means as soon as operationally feasible, but no later than 72 hours, after cutting, damaging, destroying, or otherwise interfering with Texas's concertina wire located within the Geographic Scope of this Agreement. The written notice shall reasonably describe the location, extent, and reason(s) for such actions. In addition to providing this notification, Defendants agree to, to the extent feasible, either temporarily repair any cuts, damage, destruction, or other interference with Texas wire, or to implement other temporary measures to maintain the effectiveness of the concertina wire barrier until notification is provided and Texas has a reasonable opportunity to make repairs.

C. Defendants agree to coordinate with Texas's designated Point of Contact in advance of cutting, damaging, destroying, otherwise interfering with, removing, or relocating Texas's concertina wire located within the Geographic Scope of Agreement for purposes of new border barrier construction or non-emergency maintenance and repair of border infrastructure.

D. The Parties will file the Joint Motion for Dismissal referred to in Paragraph V(C), seeking an order dismissing the Civil Action and requesting the United States District Court for the Western District of Texas, Del Rio Division, to retain jurisdiction to enforce this Settlement Agreement.

V. <u>**Texas's Obligations under the Agreement**</u>:

A. Except in the circumstances described by Paragraph IV(A)(1), (3), Texas also will not undertake or authorize any Restricted Acts without the prior written consent of DHS.

B. Within five (5) business days of the effective date of this Agreement, Texas shall designate a Point of Contact for purposes of Paragraph IV and provide addresses for communications to the Point of Contact by U.S. mail and email or other electronic means of communication. It shall be Texas's obligation to update the Point of Contact during the term of the Agreement.

C. Joint Motion to Dismiss

Within five (5) business days of the effective date of this Agreement, the Parties shall file a Joint Motion for Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), dismissing the Civil Action with prejudice. The order of dismissal of the Civil Action to be entered by the Court in the Civil Action shall expressly retain jurisdiction over any motion or proceeding to enforce this Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 381-82 (1994). If the Court fails or declines, within sixty (60) days of the effective date of this Agreement to enter an order of dismissal in the Civil Action that expressly retains jurisdiction over any motion or proceeding to enforce this Settlement Agreement as requested by the Parties, this Settlement Agreement shall be terminated and of no further legal effect.

VI. <u>Enforcement of Agreement</u>:

A. Meet and Confer Requirement:

Before initiating any judicial proceedings to enforce the terms of this Agreement, Texas shall first notify Defendants, through counsel, of the asserted violation. Defendants shall have five (5) business days from the date of notification to investigate the asserted violation(s), and if Defendants agree that a violation(s) has occurred, then they must be given an additional five (5)

business days to remedy that violation(s), including working with Texas to determine an acceptable solution.

B. Venue:

The Parties agree that any judicial proceedings to enforce the terms of this Agreement must be brought and maintained in the Del Rio Division of the United States District Court for the Western District of Texas. The Parties waive any rights to appeal from the order of dismissal referred to in Paragraph V(C) and waive any objections to personal jurisdiction or venue of any action brought in the Del Rio Division of the United States District Court for the Western District of Texas to enforce this Agreement. In any judicial proceeding to enforce the Agreement, specific performance shall be among the available remedies.

VII. No Admission of Liability or Fault:

This Agreement is not and shall not be construed as an admission by Defendants or Plaintiffs of the truth of any allegation or the validity of any claim or defense asserted in this lawsuit, or of Defendants' liability therein. Furthermore, none of the terms of the Agreement may be offered or received in evidence in any civil, criminal, or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Agreement. Defendants do not admit: (i) that Defendants or any of them are liable in any capacity for claims that were raised or that could have been raised in the Civil Action; (ii) that Plaintiffs are prevailing parties in any aspect of the Civil Action; (iii) that Plaintiffs were substantially justified in any position taken in the Civil Action; or (iv) that Defendants lacked a substantial justification for any position taken in the Civil Action. Defendants do not admit or concede that anything contained in this Agreement constitutes relief that Plaintiffs could have recovered through the Civil Action.

VIII. **No Impairment of Defendants' Statutory Authority:**

Nothing in this Agreement may be construed to prevent Defendants from exercising lawful authority under federal immigration law, including under 8 U.S.C. § 1357(a)(3), which permits Defendants to access private lands (but not dwellings) within 25 miles of the border for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States.

IX. **No Third-Party Beneficiaries.**

This Agreement is not intended to create, and does not create, any third-party beneficiary rights or any other kind of right or privilege for any person, group, or entity, beyond the Parties to this Agreement and their agencies and instrumentalities.

X. **No Assignment or Transfer of Rights:**

Texas agrees that no rights arising from this Agreement may be assigned or transferred to any other person or entity.

XI. **Interpretation of Agreement:**

A. Entirety of Agreement:

This Agreement constitutes the entire agreement and understanding between the Parties regarding the Civil Action. Any statement, representation, remark, agreement, or understanding, in oral or written form, that is not included in this Agreement shall not be enforced, recognized, or used to interpret this Agreement.

B. Jointly Drafted Agreement:

This Agreement shall be considered a jointly drafted agreement and shall not be construed against any Party as the drafter.

C. Interpretation Consistent with Federal Law:

The Agreement shall be construed or interpreted in a manner consistent with Federal law.

XII. <u>Amendment of Agreement</u>:

This Agreement cannot be modified or amended except by an instrument in writing that is signed by the Parties. No provision may be waived other than in writing, and the writing must set forth such waiver and be signed by the Parties.

XIII. <u>Execution in Counterparts</u>:

This Agreement may be executed and delivered in counterparts. Such counterparts together shall constitute one and the same instrument and the Agreement.

XIV. <u>Warranty</u>:

Each person signing this Agreement represents and warrants that he or she has full authority to execute the Agreement on behalf of either Plaintiffs or Defendants.

Settlement Agreement in the matter of *The State of Texas, et al. v. U.S. Department of Homeland Security, et al.*, 2:23 CV-00055-AM (W.D. Tex.)

Executed this 19th day of November, 2026.

ATTORNEY FOR DEFENDANTS

By: ______________________

Attorney for Defendants
STANLEY E. WOODWARD, JR.
ASSOCIATE ATTORNEY GENERAL
U.S. DEPARTMENT OF JUSTICE

Settlement Agreement in the matter of *The State of Texas, et al. v. U.S. Department of Homeland Security, et al.*, 2:23-CV-00055-AM (W.D. Tex.)

Executed this 18th day of November, 2026.

ATTORNEYS FOR PLAINTIFFS

By: David Bryant
Attorney for State of Texas
SENIOR SPECIAL COUNSEL
OFFICE OF ATTORNEY GENERAL OF TEXAS

By: [signature]
Attorney for Texas Governor Greg Abbott
TREVOR W. EZELL
General Counsel
Office of the Texas Governor

# EXHIBIT A

# Settlement Agreement Impact Area
## Del Rio Sector

U.S. Customs and Border Protection




UNCLASSIFIED//FOR OFFICIAL USE ONLY

USBP-GIS-26-0098 Created: 06/30/2026

# EXHIBIT 2: Proposed Order of Dismissal

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

STATE OF TEXAS,

*Plaintiff*,

GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS,

*Plaintiff-Intervenor*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,

*Defendants*.

Civil Action No. 2:23-cv-00055-AM

**ORDER OF DISMISSAL**

WHEREAS, all parties to this action (the "Parties") have executed a settlement agreement (the "Settlement Agreement") with an effective date of November 19, 2026, a true and correct copy of which is attached hereto as **Exhibit 1**;

WHEREAS, all Parties have entered into and filed a Stipulation of Dismissal pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure with the request that the Court enter an Order of Dismissal; and

WHEREAS, the effectiveness of the Parties' Stipulation of Dismissal is made expressly contingent on the Court's issuance and entry of such Order of Dismissal incorporating the Parties' Settlement Agreement and retaining jurisdiction to enforce the Settlement Agreement;

NOW THEREFORE, the Court orders, in accordance with the Settlement Agreement executed by all Parties and the Parties' Stipulation of Dismissal, that:

1. The Settlement Agreement, which was executed by all Parties effective November 19, 2026, and which is attached as **Exhibit 1**, is hereby incorporated into this Order of Dismissal;
2. The United States District Court for the Western District of Texas, Del Rio Division, hereby retains and shall retain jurisdiction over this action to conduct and adjudicate any future proceedings to enforce the terms of the Settlement Agreement; and
3. Subject to the foregoing, all claims asserted by Plaintiffs or any other party herein shall be, and are hereby, **DISMISSED** with prejudice. All parties shall bear their own costs of suit.

**IT IS SO ORDERED.**

SIGNED on this the _______ day of _____________________, 2026.

________________________________
**HONORABLE ALIA MOSES**
**CHIEF UNITED STATES DISTRICT JUDGE**